FILED
2019 May-03 PM 02:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER TODD RUGGIERI ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE CITY OF HOOVER, ) <br> ) <br> Defendant. ) | Case No.: 2:18-CV-0476-LCB |

## MEMORANDUM OPINION

The plaintiff, Christopher Todd Ruggieri[1], filed a complaint on March 26, 2018, pursuant to the Americans with Disabilities Act ("ADA") against his former employer, the City of Hoover ("City"). Ruggieri also named as defendants two City employees in their individual capacities. The City moved to dismiss all of Ruggieri's claims pursuant to Rule 12(b)(6), Fed. R. Civ. P., and filed a counterclaim. The judge previously assigned to this case[2] dismissed all claims against the individual defendants as well as Ruggieri's claim regarding purported violations of HIPAA. However, the Court denied the City's motion to dismiss Ruggieri's ADA claim and granted him leave to amend his complaint. On August 31, 2018, Ruggieri filed a document which contained a response to the defendant's answer, a response to the defendant's counterclaim, and what appeared to be

---

[1] Mr. Ruggieri is appearing *pro se*.
[2] This case was reassigned to the undersigned on October 23, 2018.

additional causes of action. (Doc. 29). However, the Court struck that filing insofar as it constituted a response to the defendant's answer, and again gave Ruggieri leave to file a proper amended complaint. (Doc. 30). On October 19, 2018, Ruggieri filed another amended complaint. However, that filing was stricken for its failure "to comply with several of the requirements set out by the Court" in its prior order granting leave to amend. (Doc. 33). On November 13, 2018, Ruggieri filed an "Amended Claim Statement" (Doc. 35), which this Court will construe as his second amended complaint. In the present complaint, Ruggieri re-alleged his ADA claim and added several additional claims related to his termination. Before the Court is the City's motion to dismiss Ruggieri's Amended Claim Statement. (Doc. 41). The motion has been fully briefed and is ripe for review.

In its motion, the City included a footnote in which it reasserted its claim that Ruggieri's ADA claim should be dismissed and noted that this Court could revisit the ruling denying the previous motion. *See* (Doc. 41), *citing Solutia, Inc. v. McWane, Inc.*, 726 F. Supp. 2d 1316, 1328 (N.D. Ala. 2010). Because this Court agrees with the reasoning set forth in the previous judge's memorandum opinion and order denying the City's first motion to dismiss Ruggieri's ADA claim, the Court declines to revisit that ruling.

However, for the reasons that follow, the Court finds that the City's motion to dismiss the remaining claims in Ruggieri's Amended Claim Statement is due to be **GRANTED**.

## Background

Ruggieri was employed by the City in its information technology ("IT") department. Ruggieri alleged that, on July 7, 2017, the City required him to begin anger-management counseling with Dr. Lita Clark. Ruggieri stated that Dr. Clark informed him that he would be required to waive his HIPAA rights or the sessions would end, and the City would terminate his employment. According to Ruggieri, he attended three therapy sessions with Dr. Clark after which she released him and "stat[ed] that there was nothing wrong with [him]." (Doc. 35). Ruggieri asserted that he was the only employee in the IT department who was required to attend such counseling; that the counseling was not consistent with his job requirements; and that the counseling was not a business necessity for the City.

Ruggieri claimed that, on the day he was released from counseling, he spoke to Mesha Dacus, the City's Assistant Human Resources Director, to voice concern over the City's decision to send him to counseling. A week later, Ruggieri said, he was called in to Melinda James Lopez's office and told that his fears were unfounded. According to Ruggieri, he had been recording his conversations with people in his office as well as his therapy sessions with Dr. Clark. Ruggieri stated

that Lopez told him that he was forbidden to record any more conversations at work.

On October 11, 2017, Ruggieri was placed on administrative leave. Ruggieri alleged that "[s]ome [] time between October 11, 2017, and November 16, 2017, the hard drives were pulled from [his] machine and subject[ed] to a forensics search." (Doc. 35). According to Ruggieri, his files were encrypted. Therefore, he said, someone would have had to log in under his profile in order to access his files. On November 16, 2017, Ruggieri claimed that the City leveled "certain charges"[3] against him and set a hearing in front of a tribunal for the following Monday, November 20, 2017. Ruggieri opted not to attend the hearing and resigned from his position on November 16, 2017.

## **Standard of Review**

Rule 12(b)(6) enables a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the "liberal pleading standards set forth by Rule 8(a)(2)." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When evaluating a Rule 12(b)(6) motion to dismiss, a district court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *See Brophy v.*

---

[3] Although not stated in his amended complaint, subsequent filings reveal that Ruggieri was accused of improperly accessing emails between two of his supervisors.

4

*Jiangbo Pharms. Inc.*, 781 F.3d 1296, 1301 (11th Cir. 2015). Generally, a complaint should include "enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory.'" *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami, Fla.*, 637 F.3d 1178, 1186 (11th Cir . 2011), *quoting Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683–84 (11th Cir. 2001). In reviewing this case, this Court notes that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F. 3d 1262, 1263 (11th Cir. 1998)(per curiam)(citation omitted).

### **Ruggieri's Claims and the City's Counterclaim**

In his amended complaint, Ruggieri first reasserted his ADA claim. Additionally, Ruggieri raised the following claims: (1) "Tampering with Evidence"; (2) "False Light Defamation of Character"; (3) a violation of the Electronic Communication Privacy Act ("ECPA"); (4) invasion of privacy; (5) a violation of his Fourth Amendment rights; (6) slander and libel; (7) and "Targeting." (Doc. 35). The City asserted a counterclaim against Ruggieri in which it asserted that Ruggieri is required to reimburse the City for tuition payments that it made for Ruggieri to attend classes at the University of Alabama at Birmingham. Although Ruggieri denied that he owes any money to the City, he has not moved to dismiss its counterclaim.

5

## The City's Motion to Dismiss

In its motion to dismiss, the City addressed each of Ruggieri's claims in turn. As noted, this Court declines to revisit the previous judge's ruling in which she denied the City's motion to dismiss Ruggieri's ADA claim. The Court will now proceed to address each of the City's arguments for dismissing Ruggieri's claims.

## Tampering with Evidence

The City asserted that there is no cause of action under state or federal law for "tampering with evidence." This Court agrees. In his response to the City's motion, Ruggieri argued that his "Tampering with Evidence" claim arises under 18 U.S.C. 1519, entitled, "Destruction, alteration, or falsification of records in Federal investigations and bankruptcy." However, 18 U.S.C. 1519, is a criminal statute and does not authorize a civil cause of action. Although Courts are directed to liberally construe pleadings filed by *pro se* parties, nothing in the paragraph that Ruggieri submitted in support of this claim can be construed as an independent cause of action. Accordingly, Ruggieri's "Tampering with Evidence" claim is due to be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P., because it fails to state a claim for which relief can be granted.

In his filings with this Court, Ruggieri goes into great technical detail to explain his contention that the City's method of accessing his computer rendered

useless any information taken from the hard drive. Although the Court is dismissing this claim as a separate cause of action, Ruggieri is certainly entitled to challenge the admissibility of any of this evidence should the City attempt to offer it at trial. The Court expresses no opinion at this time regarding the admissibility of any evidence purportedly taken from Ruggieri's computer.

### **False Light Defamation of Character**

The City expressed confusion regarding the exact claim Ruggieri was attempting to raise in this count. The City stated: "It isn't clear whether Ruggieri is asserting a defamation claim, a false-light invasion-of-privacy claim, or both…." (Doc. 41, p. 4). In his sur-reply brief, Ruggieri clarified that his allegations "qualify as both." (Doc. 45, p. 2). Because *pro se* pleadings are to be liberally construed, the Court will consider Ruggieri's claims as such.

The City first addressed Ruggieri's claim for false light invasion of privacy. The City correctly noted that, "[t]o establish false light invasion of privacy, a plaintiff must show (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." *Horne v. Russell Cty. Comm'n* 379 F. Supp. 1305, 1342 (M.D. Ala. 2005), aff'd 180 F. App'x 903 (11th Cir. 2006). The City argued that Ruggieri failed to plead that the City communicated or publicized

7

anything about him to any third party. The City further asserted that Ruggieri failed to specifically identify in his amended complaint the information that he claimed cast him in a false light.

In his amended complaint, Ruggieri stated that "[p]erforming the above actions casts a False Light on the Plaintiff and Defames the Character of the Plaintiff with no actual, verifiable evidence." This is the entirety of his claim for false light invasion of privacy and defamation. The Court will assume that the actions Ruggieri is referring to are the City's search of his computer and subsequent accusations against him. However, the City correctly notes that Ruggieri does not specify which of the "above actions" constitutes false light invasion of privacy. In his responses to the City's motion to dismiss, Ruggieri included additional facts in an attempt to cure the defects alleged by the City. The proper course for Ruggieri to take would have been to again seek leave to amend his complaint. However, Ruggieri has had several chances to amend his complaint in the present case and was given specific instructions by the previously-assigned judge on the proper way to do so. *See* (Doc. 30, p. 7-8). Accordingly, the Court will not consider the additional facts and allegations raised in Ruggieri's replies as part of his amended complaint.

As claimed by the City, Ruggieri's amended complaint did not allege that false information about him was publicized to any third parties. Publication of

anything about him to any third party. The City further asserted that Ruggieri failed to specifically identify in his amended complaint the information that he claimed cast him in a false light.

In his amended complaint, Ruggieri stated that "[p]erforming the above actions casts a False Light on the Plaintiff and Defames the Character of the Plaintiff with no actual, verifiable evidence." This is the entirety of his claim for false light invasion of privacy and defamation. The Court will assume that the actions Ruggieri is referring to are the City's search of his computer and subsequent accusations against him. However, the City correctly notes that Ruggieri does not specify which of the "above actions" constitutes false light invasion of privacy. In his responses to the City's motion to dismiss, Ruggieri included additional facts in an attempt to cure the defects alleged by the City. The proper course for Ruggieri to take would have been to again seek leave to amend his complaint. However, Ruggieri has had several chances to amend his complaint in the present case and was given specific instructions by the previously-assigned judge on the proper way to do so. *See* (Doc. 30, p. 7-8). Accordingly, the Court will not consider the additional facts and allegations raised in Ruggieri's replies as part of his amended complaint.

As claimed by the City, Ruggieri's amended complaint did not allege that false information about him was publicized to any third parties. Publication of

false material is an essential element to this type of claim. Thus, even accepting all of the allegations in Ruggieri's amended complaint as true and construing them in the light most favorable to him, Ruggieri has still failed to allege sufficient facts to establish false light invasion of privacy. Accordingly, this claim is due to be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P.

Ruggieri's defamation claim suffers from the same defects. In Alabama, the elements of defamation are:

> 1) a false and defamatory statement concerning the plaintiff; 2) an unprivileged communication of that statement to a third party; 3) fault amounting at least to negligence on the part of the defendant; and 4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication of the statement.

*Adams v. Bank of Am., N.A.*, 237 F. Supp. 3d 1189, 1202 (N.D. Ala. 2017), quoting *Wal–Mart Stores, Inc. v. Smitherman*, 872 So. 2d 833, 840 (Ala. 2003), quoting in turn *McCaig v. Talladega Publ'g Co.*, 544 So. 2d 875, 877 (Ala. 1989). As noted above, there are no allegations in Ruggieri's amended complaint that the City communicated any false statements to any third parties. Thus, for the same reasons Ruggieri failed to state a claim for false light invasion of privacy, he also failed to state a claim for defamation[4]. *See* Rule 12(b)(6), Fed. R. Civ. P.

---

[4] Ruggieri includes a separate section in his amended complaint alleging "Slander and Libel." (Doc. 35, p. 3). The analysis regarding defamation applies to those allegations as well. Accordingly, Ruggieri's slander and libel claims are due to be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P.

## Invasion of Privacy

In paragraph 18 of Ruggieri's amended complaint, he claims that the search of his computer and hard drive "both by City officials and Law Enforcement Officers, was a violation of [his] 'reasonable expectation of privacy' as described in both the 4th Amendment to the Constitution of the United States and the Electronics Communication Privacy Act [("ECPA")]. Therefore, Invasion of Privacy and an ECPA claim is added to this case." (Doc. 35, p. 3). The Court will address each of these claims in turn.

The Alabama Supreme Court has held that the tort of invasion of privacy consists of the following: "1) the intrusion upon the plaintiff's physical solitude or seclusion; 2) publicity which violates the ordinary decencies; 3) putting the plaintiff in a false, but not necessarily defamatory, position in the public eye; and 4) the appropriation of some element of the plaintiff's personality for a commercial use." *Phillips v. Smalley Maint. Servs., Inc.*, 435 So. 2d 705, 708 (Ala. 1983)(footnote omitted).

As best the Court can determine, Ruggieri has alleged that the City invaded his privacy by improperly searching the hard drive and other related equipment on his City-issued computer thereby intruding upon his physical solitude or seclusion. However, Ruggieri never asserted that the City accessed any of his personal devices or that it somehow accessed personal information about him. As noted in

the previous section, Ruggieri never alleges what information was even accessed. Thus, there is no allegation that the City intruded upon Ruggieri's physical solitude or seclusion. Rather, by his own admission, the City searched Ruggieri's computer – that was issued to him by the City – on City property while Ruggieri was on administrative leave. Accordingly, Ruggieri alleged no facts which, if true, would demonstrate that the City intruded upon his physical solitude or seclusion. Accordingly, this claim is due to be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P.

Finally, Ruggieri alleged no facts that, if true, would demonstrate that the City publicized a matter "which violates the ordinary decencies … put[] the plaintiff in a false, but not necessarily defamatory, position in the public eye … [or appropriated] some element of the plaintiff's personality for a commercial use." *Id.* Accordingly, Ruggieri has failed to state a claim for invasion of privacy. Therefore, this claim is due to be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P.

Ruggieri also alleged that the search of his computer and hard drive was a violation of his "'reasonable expectation of privacy' as described in … the Electronic Communication Privacy Act." (Doc. 35, p. 3). Although Ruggieri does not identify the specific provision of the ECPA under which he seeks relief, the Court surmises, as does the defense, that Ruggieri seeks the recovery of civil

damages authorized by 18 U.S.C. § 2520, which provides in relevant part: "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate."

Again, Ruggieri's amended complaint does not identify what communication or other information was allegedly intercepted by the city. Additionally, Ruggieri does not allege that anything was "disclosed, or intentionally used in violation of" the ECPA. As noted, Ruggieri's complaint simply alleged that the City's investigation was improper and that it invaded his expectations of privacy. Viewing the allegations in the light most favorable to Ruggieri, the Court concludes that he has failed to state a claim for a violation of the ECPA. *See* Rule 12(b)(6), Fed. R. Civ. P.

## **Fourth Amendment**

Ruggieri next alleged that the City's search was performed without a court order and, therefore, violated his rights under the Fourth Amendment. Ruggieri claimed that this "illegal search and seizure … adds a 4th Amendment claim to this case." (Doc. 35, p. 3). However, this is a civil case, and the Fourth Amendment itself does not create a private cause of action for a violation of its provisions. Ruggieri does not identify any statute under which he purports to assert a claim for

relief. Therefore, he has failed to state a claim for which relief can be granted as to this particular count. *See* Rule 12(b)(6), Fed. R. Civ. P.

## "Targeting"

Finally, Ruggieri claimed that no other City employees were treated in a manner similar to him, i.e. being sent to counselling. Therefore, Ruggieri claimed, he "can only interpret these actions as willful targeting…. Therefore, a claim of Targeting is added to this case." The Court is not aware of any such cause of action under Alabama or Federal law. When a plaintiff asserts a claim that courts do not recognize, the claim must be dismissed pursuant to Rule 12(b)(6) Fed. R. Civ. P. *See Smith v. State Farm Fire & Cas. Co.*, No. 7:16-CV-00572-LSC, 2016 WL 3144082, at *2 (N.D. Ala. June 6, 2016).

## Conclusion

For the foregoing reasons, all of Ruggieri's claims except for his ADA claim are due to be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P. Thus, the City's motion in that regard is due to be **GRANTED**. Insofar as the City has moved to dismiss Ruggieri's ADA claim by asking this Court to revisit the previous judge's ruling, that motion is due to be **DENIED**. A separate order will issue contemporaneously herewith.

**DONE** and **ORDERED** May 3, 2019.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE